IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:08-CR-00139-FL-4
NO. 7:13-CV-00050-FL

| | |
|---|---|
| SAUL CAVILLO-ROJAS, | ) |
| Petitioner, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

This cause comes before the Court upon petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("motion to vacate"). (DE-364). The government seeks to dismiss the motion to vacate. (DE-368). Petitioner Saul Cavillo-Rojas has responded to the motion to dismiss[1] (DE-371) and, accordingly, the motion to vacate and the motion to dismiss are ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for the entry of a memorandum and recommendation. For the reasons set forth herein, the undersigned RECOMMENDS the Court DENY Cavillo-Rojas's motion to vacate (DE-364) and GRANT the government's motion to dismiss (DE-368).

---

1. In his response, Cavillo-Rojas claims that he was not served with a copy of the government's motion to dismiss. The government disputes this claim, but has since filed notice of serving a second copy of the motion to dismiss. *See* Resp't Notice, DE-372.

1

## I. BACKGROUND

On May 7, 2009, Cavillo-Rojas was charged in a superseding indictment with: (1) conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. § 846, as charged in count one of the superseding indictment; (2) distribution of 500 grams or more of cocaine and aiding and abetting, in violation of 21 U.S.C. § 841 (a)(1) and 18 U.S.C. § 2, as charged in count two of the superseding indictment; (3) possession with the intent to distribute give (5) kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, as charged in count three of the superseding indictment; (4) possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) and 2, as charged in count four of the superseding indictment; (5) eluding examination and inspection by immigration officers, in violation of 8 U.S.C. § 1324(a), as charged in count nine of the superseding indictment; (6) possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5), as charged in count ten of the superseding indictment; and (7) maintaining a residence for the distribution of cocaine and aiding and abetting, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2, as charged in count fifteen of the superseding indictment. Super. Indict., DE-115. Cavillo-Rojas pled guilty to count two (distribution of 500 grams or more of cocaine and aiding and abetting) and count nine (eluding examination and inspection by immigration officers) of the superseding indictment on August 6, 2009. Minute Entry, Aug. 6, 2009, DE-220. Following an eight-day jury trial, Cavillo-Rojas was convicted on all of the remaining charges on August

17, 2009. Jury Verdict, DE-248. At sentencing, the district court sentenced Cavillo-Rojas to a total term of 248 months' imprisonment for the counts of conviction. J., DE-288.

Cavillo-Rojas appealed his convictions and sentence to the United States Court of Appeals for the Fourth Circuit, arguing, *inter alia*, that there was insufficient evidence to support his convictions, and that his sentence was both procedurally and substantively unreasonable. The Fourth Circuit rejected these arguments and affirmed Cavillo-Rojas's convictions and sentence on February 15, 2013. *See* United States v. Cavillo-Rojas, Nos. 10-4033, 10-4061, 10-4062, 10-4067, 10-4072, 2013 U.S. App. LEXIS 3347 (4th Cir. Feb. 15, 2013) (unpublished), DE-358. Cavillo-Rojas filed the instant timely motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on March 22, 2013. (DE-364).

The government asserts that the motion to vacate fails to state a claim upon which relief may be granted and therefore requests dismissal.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in *Twombly* upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. *See* Monroe v. City of

3

Charlottesville, Va., 579 F.3d 380, 386 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1740, 176 L. Ed. 2d 214 (2010). Accordingly, a district court considering a motion to dismiss under Rule 12(b)(6) "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir.2011) (internal quotations and citations omitted). "[T]he court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe, 579 F.3d at 385-86 (quotation marks and alteration marks omitted).

### B. **28 U.S.C. § 2255**

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999). However, "the scope of review of non-constitutional error is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* at 495-96. "Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999). The burden of proof is on

4

the petitioner to establish his claim by a preponderance of the evidence. *See, e.g.*, <u>Miller v. United States</u>, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); <u>Toribio-Ascencio v. United States</u>, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549 at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

C. **<u>Ineffective Assistance of Counsel</u>**

Cavillo-Rojas asserts his counsel was constitutionally deficient. To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. <u>Strickland v. Washington</u>, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694.

III. **<u>ANALYSIS</u>**

A. **<u>Petitioner May Not Relitigate the Issue of His Possession of a Firearm</u>**

5

Cavillo-Rojas argues there was insufficient evidence to support his firearm convictions.[2] However, the Fourth Circuit has already determined that the government "presented ample evidence to support the convictions of Saul Cavillo-Rojas" for these offenses. Cavillo-Rojas, 2013 U.S. App. LEXIS 3347, at *13. The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). Issues previously decided on direct appeal cannot be recast in the form of a § 2255 motion in the absence of a favorable, intervening change in the law. Davis v. United States, 417 U.S. 333, 342 (1974); United States v. Walker, 299 F. App'x 273, 276 (4th Cir. 2008) ("Absent a change in the law, a prisoner cannot relitigate in collateral proceedings an issue rejected on direct appeal."); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255."). Cavillo-Rojas does not contend there has been any favorable intervening change in law that would alter the Fourth Circuit's analysis. Instead, Cavillo-Rojas essentially asks this Court to re-weigh the evidence in his favor. This, the Court may not do. Accordingly, the undersigned RECOMMENDS the Court DENY Ground One of the motion to vacate and GRANT the government's motion to dismiss.

**B. Petitioner Fails to State a Claim for Ineffective Assistance of Counsel**

In Ground Two, Cavillo-Rojas argues he received ineffective assistance of counsel

---

2. Although Cavillo-Rojas titles Ground One of his motion to vacate "illegal gun enhancement," his substantive argument, liberally construed, disputes the evidence of his possession of a firearm.

based on various grounds. However, most of issues raised are exceedingly vague and allege only general grounds for incompetency. For example, Cavillo-Rojas asserts his attorney "failed to put [forward] a proper defense" and "allow[ed] the petitioner to be wrongfully convicted" by "not giving his client proper representation." Pet'r's Mem. Supp. Mot. Vacate 3-4, DE-364-1. Inasmuch as Cavillo-Rojas provides no specific facts in support of his argument, his unsupported, conclusory allegations are wholly insufficient to support an ineffective assistance of counsel claim. *See* Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (stating that, "a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."). The undersigned nevertheless addresses more specific grounds raised by Cavillo-Rojas.

Cavillo-Rojas argues his trial counsel was ineffective for failing to move to sever his trial from that of his co-defendants. However, there is nothing to suggest that such a motion would have been successful. The Fourth Circuit adheres "to the well-established principle that defendants who are charged in the same criminal conspiracy should be tried together. . . . Joint trials are favored in those cases in which defendants have been indicted together for the sake of judicial economy." United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995) (citations omitted). A party seeking to sever his case "must establish that actual prejudice would result from a joint trial . . . and not merely that a 'separate trial would offer a better chance of acquittal.'" *Id.* (citations omitted).

Cavillo-Roja implies that prejudice arose because the jury was influenced by the

7

evidence presented against his co-defendants, and that the jury, in turn, relied on that evidence to convict him. However, in giving its final instruction to the jury, the district court explicitly directed the jury as follows:

> The case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant.
>
> Similarly, that a defendant entered a guilty plea to one or more of the crimes charged is not evidence of guilt as to any other crime charged, nor is it evidence of the guilt of any other defendant as to any crime charged. Again, you must give separate consideration to the evidence as to each defendant.

Trial, Day 7, Aug. 14, 2009, Tr. 157:23-25-158:1-8, DE-343. The Supreme Court has recognized that "less drastic measures [than severance], such as limiting instructions, often will suffice to cure any risk of prejudice." Zafiro v. United States, 506 U.S. 534, 539 (1993). Cavillo-Rojas fails to argue that the limiting instruction given in this case did not cure any prejudice that might have existed from being tried with his co-defendants. Because nothing indicates that a motion to sever would have been successful, or that any prejudice resulted from the joint trial, Cavillo-Rojas fails to show that, but for his counsel's failure to move to sever, the result of the trial would have been different. He therefore fails to state a claim of ineffective assistance arising from this asserted error. *See* Gary v. United States, Nos. 3:05CV285-1-MU, 3:00CR199-MU, 2008 U.S. Dist. LEXIS 81032, at *10-12 (W.D.N.C. Aug. 22, 2008) (rejecting the petitioner's argument that his counsel was ineffective for failing to move to sever the charges at trial).

Cavillo-Rojas further asserts his trial counsel failed to file any pretrial motions on his behalf. This is simply untrue. The record conclusively demonstrates that counsel for Cavillo-Rojas made several pretrial motions, including a motion to sever his "immigration related charges" from the other charges, which the district court denied. *See* Def.'s Mot. Separate Trial, DE-193. To the extent Cavillo-Rojas suggests that his counsel should have made additional, unspecified pretrial motions, an attorney's decision to file particular pretrial motions is precisely the type of strategic decision a court should not second guess. *See* Higgs v. United States, 711 F. Supp. 2d 479, 515 (D. Md. 2010) (citing Byram v. Ozmint, 339 F.3d 203, 209 (4th Cir. 2003)); *cf*. Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998) ("Decisions that may be made without the defendant's consent primarily involve trial strategy and tactics, such as what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." (internal quotation marks omitted)). Cavillo-Rojas therefore fails to state a claim to relief arising from his counsel's failure to file pretrial motions.

Next, Cavillo-Rojas contends ineffective assistance of counsel arose from his attorney's "conflict of interest." He does not articulate, however, any further details as to this alleged conflict of interest. As noted *supra*, the petitioner bears the burden of establishing that his counsel was ineffective, Miller, 261 F.2d at 547, and unsupported, conclusory allegations may be disregarded. *See* Nickerson, 971 F.2d at 1136. As he does not allege any facts indicating a conflict of interest, Cavillo-Rojas fails to sustain a claim for deficient performance on this ground.

9

Finally, Cavillo-Rojas argues that trial counsel failed to argue in opposition of the firearm charges. Petitioner is demonstrably mistaken. At the close of the government's evidence, trial counsel moved to dismiss both firearms charges and argued at length in support of dismissal. Trial, Day Six, Aug. 13, 2009, Tr.15-23. That this argument was unsuccessful reflects on the evidence before the district court and not on trial counsel's performance. Cavillo-Rojas therefore fails to state a claim based on this ground.

Because Cavillo-Rojas fails to allege facts indicating either deficient performance by trial counsel or prejudice arising therefrom, the motion to vacate fails to state a claim for ineffective assistance by counsel upon which relief may be based. The undersigned therefore RECOMMENDS that the motion to dismiss Ground Two be GRANTED and the motion to vacate be DENIED.

## IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Cavillo-Rojas's motion to vacate (DE-364) be DENIED and that the government's motion to dismiss (DE-368) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, July 22, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE